■ AMERICO WOYCIESJES, Respondent, v SCHERING-PLOUGH CORPORATION et al., Defendants, and MARC G. TERZIEV, Appellant.—Order unanimously reversed on the law with costs, defendant's affirmative defense of Statute of Limitations reinstated, and defendant's motion to dismiss granted. Memorandum: In this action by a client against his former attorney, defendant appeals from an order which, in pertinent part, denied defendant's motion to dismiss the complaint as untimely and granted plaintiff's cross motion to dismiss the affirmative defense based on the Statute of Limitations. Defendant contends that plaintiff's malpractice, fraud and breach of contract claims are barred by the applicable Statutes of Limitations. The record supports defendant's contention. The claim that defendant negligently negotiated the 1968 settlement agreement between plaintiff and Schering accrued in July 1968, when the agreement was executed. The allegation that defendant negligently failed to ascertain that Schering underpaid plaintiff pursuant to the 1968 agreement accrued in April 1973, when the last royalty payment was made, and certainly no later than June 1974, when defendant arranged for the audit of Schering's account. Plaintiff's claim that defendant improperly charged him a fee of 50% rather than one third, as well as his claim that defendant erroneously calculated the 50% fee, accrued no later than April 1973, when defendant collected the final portion of his fee. Those accrual dates render untimely plaintiff's action commenced nine years later in January 1983. That is true whether defendant's allegations are deemed to sound in malpractice or breach of contract (see, CPLR 213 [2]; 214 [6]). It does not avail plaintiff to couch his allegations in terms of fraud because that cause of action is also time barred (CPLR 203 [f]; 213 [8]). There is nothing in the record to indicate any recent discovery by plaintiff of facts establishing fraud. On the contrary, it appears that plaintiff had knowledge of all relevant facts concerning the 1968 settlement agreement at the time that agreement was signed, and had knowledge of all pertinent facts concerning defendant's alleged fee overcharges by April 1973, when defendant collected the final portion of his fee. We reject plaintiff's contentions that the continuous representation doctrine is

applicable and that defendant is estopped from asserting the Statute of Limitations.

In view of our disposition, it is unnecessary to consider the other contentions of the parties. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—summary judgment, dismiss causes of action.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.